IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kevin Hody,

                    Plaintiff,

            -vs-

Marion Correctional Institution, et. al.,

                    Defendants.

Case No. 3:13 CV 1426

MEMORANDUM OPINION
AND ORDER

JUDGE JACK ZOUHARY

**INTRODUCTION**

*Pro se* Plaintiff Kevin Hody filed this action under 42 U.S.C. § 1983 against the Marion Correctional Institution ("MCI"), MCI Contract Physician Dr. Lyons, MCI Warden Jason Bunting, MCI Healthcare Administrator Poly Schmalz, and the Ohio Department of Rehabilitation and Correction ("ODRC") Chief Medical Inspector.  Plaintiff alleges he is not receiving proper medical care, a deprivation of his federal constitutional rights.  He seeks monetary damages and injunctive relief.  For the reasons below, Plaintiff's Complaint (Doc. 1) is dismissed in part.

**BACKGROUND**

Plaintiff alleges he began to experience genital pain in 2009 and received treatment at a nearby hospital.  There, Plaintiff received an ultrasound which revealed the presence of three cysts, ranging from one to three millimeters in diameter.  Plaintiff contends his urologist did not consider his condition serious at that time.

Plaintiff states his pain has increased steadily since 2009. He reported this condition to medical personnel at MCI, who prescribed another ultrasound. This time, the urologist conducting the test discovered over twenty cysts. Plaintiff indicates the original cysts grew to eight millimeters in diameter and are very painful. Another recent test showed the presence of a growth on his lung. Plaintiff is a cancer survivor, and is concerned his cancer may have returned. He claims Defendants refuse to refer him to another specialist. Plaintiff alleges the standard medical treatment for painful cysts is surgical removal of the cysts. He asks this Court to order Defendants to provide him with this treatment. He also asserts Defendants have been deliberately indifferent to his serious medical needs.

Plaintiff filed a Motion for Leave to File an Amended Complaint (Doc. 5), adding as Defendants the ODRC and ODRC Director Gary Mohr. He claims he learned the ODRC maintains a panel to review requests by institution physicians for specialist referrals. He claims Mohr is a member of this panel. He contends his request for a referral was denied by the panel to save costs. He asserts this decision was a violation of his Eighth Amendment rights. He further contends formation of the ODRC panel is unconstitutional. Plaintiff's Motion for Leave to File an Amended Complaint (*id.*) is granted.

## STANDARD

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A claim lacks an arguable basis in law or in fact when it is based on an indisputably meritless legal theory, or when the factual contentions are clearly baseless. *Id.* at 327. A plaintiff fails to state a claim upon which relief may be granted when that claim lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level, assuming all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. In reviewing a complaint, this Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

DISCUSSION

### *Official and Individual Capacity Claims*

This action is brought under 42 U.S.C. § 1983 against, among other Defendants, various state employees. Plaintiff's Complaint contains no caption explaining in what capacity he seeks to hold these state employees liable (*i.e.*, whether in each employee's official or individual capacity). In addition to the liberal construction this Court gives *pro se* complaints, the failure to make such a distinction in an initial pleading does not bar a Section 1983 action. Instead, this Court considers whether "[t]aken as a whole, the complaint likely provide[s] sufficient notice to the officers that they [are] being sued as individuals." *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001).

Plaintiff first seeks injunctive relief "to provide the medical standard of care in order to have [Plaintiff] see a specialist, to help remove the source of the pain" (Doc. 1 at 6). This Court construes this claim for relief as lodged against all Defendants who are natural persons -- Mohr, Bunting,

3

Schmalz, Lyons, and the ODRC Chief Medical Inspector -- but only in each such Defendant's official capacity.  Plaintiff seeks to compel each such Defendant to make a medical treatment decision in which, he alleges, each is involved.  That involvement stems solely from the fact of their State employment.  Not so with Plaintiff's damages claim.  He seeks $5 million "punitive damages" for "5 years of pain [and] un-necessary [sic] suffering" caused by his lingering medical condition (*id*.).  That amount would be compensation for past medical treatment decisions.

Considered as a whole, the Complaint provides fair notice to Defendants that each is being sued for injunctive relief in his or her official capacity, and damages in his or her official and individual capacities.

### State Sovereign Immunity and 42 U.S.C. § 1983

Plaintiff cannot maintain an action against the ODRC and MCI.  The ODRC is an agency of the State of Ohio; the MCI is part of that state agency.  A state may not be sued in federal court unless it has consented to such a suit or its immunity has been properly abrogated by Congress.  *See e.g.*, *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54–58 (1996).  The State of Ohio has not consented to suit under 42 U.S.C. § 1983, and Congress has not abrogated that immunity.  Moreover, Section 1983 provides a cause of action only against a "person" who, acting under color of state law, deprives a plaintiff of federal constitutional rights -- a state, and therefore a state agency, is not a "person" for purposes of the statute.  *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 65 (1989).  The ODRC and MCI are dismissed for these reasons.

Plaintiff's official-capacity damages claim against the remaining Defendants -- Mohr, Bunting, Schmalz, Lyons, and the ODRC Chief Medical Inspector -- are also barred by state sovereign immunity because the law understands each such claim as an attempt to impose liability on the office each of these public officials represents.  *Brandon v. Holt*, 469 U.S. 464, 471 (1985).  Plaintiff's

4

official-capacity injunctive-relief claim against the same group of Defendants, however, is not barred by state sovereign immunity. *See Will*, 491 U.S. at 71 n.10 (noting that "[o]f course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983" because "official-capacity actions for prospective relief are not treated as actions against the State," a "commonplace [distinction] in sovereign immunity doctrine").

To recap, state sovereign immunity, or the limited definition of "person" in Section 1983, or both, bar claims against the ODRC and MCI, and official-capacity damages claims against Mohr, Bunting, Schmalz, Lyons, and the ODRC Chief Inspector. Remaining are Plaintiff's official-capacity injunctive relief claims and individual-capacity damages claims against Mohr, Bunting, Schmalz, Lyons, and the ODRC Chief Inspector.

### Eighth Amendment Claims

Plaintiff contends Defendants denied him necessary medical care in violation of the Eighth Amendment. The Eighth Amendment embodies "broad and idealistic concepts of dignity, civilized standards, humanity, and decency," against which courts must evaluate penal measures. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). In *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), the Supreme Court set forth a framework for determining whether certain conditions of confinement constitute "cruel and unusual punishment" prohibited by the Eighth Amendment. First, Plaintiff must plead facts which, if true, establish a sufficiently serious deprivation occurred. Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. Second, Plaintiff must establish a subjective element demonstrating the prison officials acted with a sufficiently culpable state of mind to cause the deprivation. To meet this standard, the official must act with "deliberate indifference[,]" defined as obduracy or wantonness. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The actions cannot be

predicated on negligence, inadvertence, or good faith error. *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012). A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met.

Given the seriousness of his allegedly untreated medical condition, Plaintiff alleges enough facts to satisfy the objective component. However, to state a claim under the Eighth Amendment against each Defendant, he must also allege facts to suggest each Defendant acted with a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 302–03. Deliberate indifference "entails something more than mere negligence." *Reilly*, 680 F.3d at 625. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Flanory v. Bonn*, 604 F.3d 249, 253–55 (6th Cir. 2010).

Plaintiff writes most of his Complaint in the passive voice, making it difficult for this Court to determine which Defendants, if any, made healthcare decisions affecting Plaintiff. This Court is mindful of Plaintiff's *pro se* status, and therefore liberally construes his Complaint. Plaintiff claims his requests to see a specialist have been denied and he is currently being treated only for pain. He also claims there is an ODRC panel that decides whether an inmate should be referred to an outside specialist, and that panel denied his request for a referral to a specialist. Because Plaintiff alleges Lyons, Schmalz, and Mohr are all part of the group that makes decisions affecting Plaintiff's medical care -- the first two as direct care providers, the third as a member of the ODRC panel -- he states a plausible claim against each of these Defendants under the Eighth Amendment.

Plaintiff gives no indication Bunting is directly involved in making medical decisions for him. Plaintiff cannot establish Bunting's liability absent a clear showing he was personally involved in the

6

activities forming the basis of the alleged unconstitutional behavior. *See Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, 1995 WL 559381, at *1 (6th Cir. 1995). This is particularly true in the context of an Eighth Amendment claim, which requires a defendant to have acted with a sufficiently culpable state of mind in denying medical care. Because Plaintiff does not allege Bunting had a role in determining appropriate treatment options, he fails to state an Eighth Amendment claim against Bunting.

Similarly, Plaintiff has not alleged facts suggesting how the ODRC Chief Medical Inspector violated his Eighth Amendment rights. The Medical Inspector reviews appeals of inmate grievances pertaining to medical issues. Although Plaintiff does not mention the Chief Medical Inspector in the body of the Complaint, it is possible the Inspector is named because he or she denied one or more of Plaintiff's grievances. Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983. *See Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 Fed. App. 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). Plaintiff's claims against the ODRC Chief Medical Inspector are dismissed.

This leaves Plaintiff's official-capacity injunctive relief and individual-capacity damages claims against Schmalz, Lyons, and Mohr, which may proceed.

### Motion for Preliminary Injunctive Relief

Plaintiff additionally requests preliminary injunctive relief (Doc. 6). A preliminary injunction is an equitable remedy, developed for the purpose of maintaining the relative positions of the parties until proceedings on the merits can be conducted. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is intended to preserve the status quo, prevent irreparable injury, and preserve this Court's ability to render a meaningful decision on the merits. *See United Food &*

*Commercial Workers Union, Local 1099 v. Sw. Ohio Reg'l Transit Auth.*, 163 F.3d 341, 348 (6th Cir. 1998).

When considering a motion for a preliminary injunction, a district court must consider: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction." *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007) (citing *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005)). These factors are not prerequisites, but rather interrelated considerations to be balanced together. *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). Plaintiff has the burden of persuasion on each of the factors because a preliminary injunction is an extraordinary remedy. *Stenberg v. Checker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978). The decision whether to issue a preliminary injunction rests with the sound discretion of the district court. *See Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 102 (6th Cir. 1982).

In this case, Plaintiff is not seeking to maintain the status quo during the pendency of this action. Instead, he seeks what, in essence, would be an "end run" to obtain final judgment before Defendants have the opportunity to respond to the Complaint. For instance, one form of the "preliminary injunctive relief" he requests entirely encompasses the Complaint's explanation of the final injunctive relief sought -- namely, referral to an appropriate specialist. Defendant fails to make a sufficient showing of a strong likelihood of success in this case or that he would be irreparably injured without the order. Plaintiff's Motion for Preliminary Injunctive Relief (Doc. 6) is denied.

### CONCLUSION

Based on the above analysis, Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 5) is granted.  His claims against the ODRC, MCI, Bunting, and the ODRC Chief Medical Inspector are dismissed pursuant to 28 U.S.C. § 1915(e).  In addition, Plaintiff's Motion for Preliminary Injunction (Doc. 6) and his Motion for Appointment of Counsel (Doc. 3) are denied. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from these decisions could not be taken in good faith.

This action shall proceed against Lyon, Schmalz, and Mohr, seeking damages from each individual in his or her individual capacity, and injunctive relief in his or her official capacity.  The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process, including a copy of this Order for service upon Defendants.

IT IS SO ORDERED.

    *s/ Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 8, 2013

9